# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JASON GALLOWAY,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MARATHON FINANCIAL INSURANCE COMPANY, INC.** a Delaware corporation,<br><br>Defendant. | Case No. 3:19-cv-264<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Jason Galloway ("Plaintiff" or "Galloway") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant Marathon Financial Insurance Company, Inc. ( "Defendant" or "Marathon"): (1) to stop Defendant's practice of placing auto-dialed calls to cellphone owners; (2) to stop its practice of placing calls to consumers whose numbers have been listed on the national Do Not Call Registry; and (3) to obtain redress for all persons injured by its conduct. Plaintiff, for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated

together exceed $5 million in controversy. Further, none of the exceptions to CAFA applies.

2. This Court has personal jurisdiction over Defendant Marathon because it has either directly or through its agents solicited and entered into business contracts in this District, is headquarter in this District, and the conduct alleged in this Complaint occurred in or emanated from this District.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the unlawful calls in this District and the calls were directed, at least in part, to persons residing in this District.

## PARTIES

4. Plaintiff Galloway is an individual residing in Springfield, Delaware County, Pennsylvania.

5. Defendant Marathon is a corporation offering insurance products incorporated and existing under the laws of the State of Delaware whose primary place of business and corporate headquarters is located at 1476 North Green Mount Rd, O'Fallon, Illinois 62269.

## COMMON FACTUAL ALLEGATIONS

6. Defendant Marathon is a financial services company offering insurance products to consumers.

7. All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of Marathon, as well as its corporate parents and affiliates.

8. Unfortunately for consumers, Marathon, in an attempt to secure new customers insurance products and services, engaged in an aggressive, wide-spread telemarketing campaign—often stepping outside the law in the process.

9. Two types of violations are at issue in this case. First, Defendant uses an

automatic telephone dialing system ("ATDS") to make unsolicited telemarketing calls to cellphone numbers. Such calls are unlawful unless made with prior express consent—which Defendant never obtained.

10. Second, Defendant made repeated calls to numbers listed on the National Do Not Call Registry.

11. By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, wear and tear caused to consumer telephones (e.g. consumption of battery life, minutes and data), lost ability to place outgoing calls and other interruption in use. Plaintiff and the other class members similarly suffered other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

12. Defendant made the calls knowing it trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware components.

13. Defendant knowingly made, and continues to make, repeated autodialed telemarketing calls to cellphone owners without the prior express consent of the recipients and to consumers whose numbers have been listed on the National Do Not Call Registry for at least 30 days. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, it also intentionally and repeatedly violated the TCPA.

14. The calls were made by or on Marathon's behalf and with its knowledge and approval. Marathon and its corporate parents and affiliates knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

15. The TCPA was enacted to protect consumers from unsolicited telephone calls like

those alleged in this case.

16. In response to Marathon's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Marathon to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes, together with pre and post-judgment interest plus costs and reasonable attorneys' fees.

### FACTS SPECIFIC TO PLAINTIFF GALLOWAY

17. Plaintiff Galloway is the owner and customary user of a cellphone number ending in 2193.

18. At no time did Galloway provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents, parents, or affiliates with prior express consent to call him.

19. At all times relevant hereto, and for a period of at least thirty (30) days prior to the relevant period of time, Plaintiff's cellphone number was and remains registered on the DNC Registry.

20. Plaintiff received at least two unsolicited, autodialed calls from Defendant on October 29, 2018

21. Plaintiff heard a pause and click on the calls, indicative of an automatic telephone dialing system or "ATDS." This equipment had the present capacity to generate and store random or sequential numbers and to dial them. The system functioned similarly to a predictive dialer and allowed Defendant to make calls *en masse* without human intervention.

22. All of the calls were made by agents or employees of Marathon at the direction and oversight of Marathon. Marathon knew about, directed, ratified, and benefitted from the calls.

23. Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place calls to him or to offer him any services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place telemarketing calls to its cellphone number and has no business relationship with Defendant.

24. Defendant Marathon was, and remains, aware that the above-described telemarketing calls were made to consumers like Plaintiff never provided prior express consent to receive them.

25. By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and members of the Classes actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, wear and tear caused to consumer telephones (e.g. consumption of battery life, minutes and data), lost ability to place outgoing calls and other interruption in use. Plaintiff and the other class members similarly suffered other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans, including all hardware and software components.

26. To redress these injuries, Plaintiff, on behalf of himself and two Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones and repeated calls to numbers listed on the national Do Not Call registry. On behalf of the Classes, Plaintiff seek an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action in accordance with Federal Rule of Civil Procedure

23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes defined as follows:

>  **Autodialed Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.
>
>  **DNC Class**: All persons in the United States (1) whose phone numbers had been listed on the National Do Not Call Registry for at least 30 days, (2) who were called by Defendant at least twice in any twelve-month period, (3) for the same purpose as Defendant placed calls to the Plaintiff; (4) after having obtained consent to call in the same manner as consent was obtained to call the Plaintiff.

28.    The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following a period of appropriate discovery regarding the purpose of the calls, the type of equipment used, and the manner by which Defendant claims it obtained prior express consent to call.

29.    **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the defined Classes. The number of members of the Classes and class membership can be identified through objective criteria, including Defendant's phone records.

30. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

31. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor its counsel has any interest in conflict with or antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

32. **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Classes, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether the calls were made on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the calls;

    (c)    Whether Defendant had prior express consent to place the calls;

    (d)    Whether the calls were made using an ATDS;

    (e)    Whether Defendant made repeated calls to consumers whose numbers were registered on the National Do Not Call Registry; and

    (f)    Whether Defendant's conduct was willful or knowing such that members of the Classes are entitled to treble damages.

33. **Conduct Similar Towards All Class Members:** By committing the acts set forth

in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render certification of the Classes for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

34. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the Autodialed Class)**

35. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36. Defendant made or caused to be made calls to Plaintiff's and the other Autodialed Class Members' cellphones.

37. These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of

8

phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

38. The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of Marathon's insurance products and services.

39. Neither Plaintiff nor any other consumer ever provided prior express consent under the TCPA to be called by or on behalf of Marathon.

40. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Autodialed Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Autodialed Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

41. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Class.

42. Plaintiff and the Autodialed Class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

**SECOND CAUSE OF ACTION**
**Violation of 47 C.F.R. § 64.1200(d) *et seq.***
**(On behalf of Plaintiff and the DNC Class)**

43. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

44. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o

9

person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

45. 47 C.F.R. § 64.1200(e), in turn, provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order.

46. The July 3, 2003 Report and Order provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

47. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

10

person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

48. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

49. Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy regarding do not call requests and by failing to inform or train its personnel regarding any do not call list.

50. Defendant made more than one unsolicited telephone call to Plaintiff and other members of the DNC Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the DNC Class never provided any form of consent to receive telephone calls from Defendants.

51. Defendant does not have a current record of consent to place telemarketing calls to them.

52. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the DNC Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

53. Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the members of the DNC Class received more than one telephone call (at least two) in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

54. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the DNC Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Galloway, on behalf of himself and the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff as the

representative of the Classes, and appointing its counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate the TCPA;

C. An injunction requiring Defendant to cease all autodialed telemarketing calls to cellphones whose owners/users haven't provided prior express consent, together with a declaration that Defendant used an ATDS in violation of the TCPA;

D. An injunction requiring Defendant to cease all repeated telemarketing calls to phone numbers listed on the Do Not Call list whose owners/users haven't provided prior express consent;

E. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

F. An award of treble damages if willful or knowing violations are shown;

G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: March 5, 2019

**Jason Galloway**, individually and on behalf of all others similarly situated,

By: /s/ Joel S. Halvorsen
One of Plaintiff's Attorneys

Joel S. Halvorsen
Halvorsen Klote
680 Craig Road, Suite 104
St. Louis, MO 63141
T: 314-451-1314
F: 314-787-4323

13

E: joel@hklawstl.com

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Counsel for Plaintiff and the Putative Class*

*\*Admission to be sought*