## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JASON GALLOWAY**, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br> v.<br><br>**MARATHON FINANCIAL INSURANCE COMPANY, INC.**, a Delaware corporation,<br><br>   Defendant. | Case No. 3:19-cv-264<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Marathon Financial Insurance Company, Inc. submits its Answer to Plaintiff's Class Action Complaint as follows:

### JURISDICTION & VENUE

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA" or the "Act") a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"). The alleged Classes consist of over 100 persons each, there is minimal diversity, and the claims of the class members when aggregated together exceed $5 million in controversy. Further, none of the exceptions to CAFA applies.

**ANSWER:** Admits this Court has subject matter jurisdiction, but denies the remaining allegations of this paragraph.

2. This Court has personal jurisdiction over Defendant Marathon because it has either directly or through its agents solicited and entered into business contracts in this District, is headquarter in this District, and the conduct alleged in this Complaint occurred in or emanated from this District.

**ANSWER:** Admits this Court has personal jurisdiction because Defendant operates its business in this district.  Denies the remaining allegations.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the unlawful calls in this District and the calls were directed, at least in part, to persons residing in this District.

**ANSWER:** Denies.

### PARTIES

4.      Plaintiff Galloway is an individual residing in Springfield, Delaware County, Pennsylvania.

**ANSWER:** Defendant knows nothing about Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the allegations and thus denies them.

5.      Defendant Marathon is a corporation offering insurance products incorporated and existing under the laws of the State of Delaware whose primary place of business and corporate headquarters is located at 1476 North Green Mount Rd, O'Fallon, Illinois 62269.

**ANSWER:** Admits Defendant is incorporated and exists under the laws of the State of Delaware, that in the past it only offered insurance to other businesses, and that the address of its corporate headquarters is identified. Denies the remaining allegations.

### COMMON FACTUAL ALLEGATIONS

6.      Defendant Marathon is a financial services company offering insurance products to consumers.

**ANSWER:** Denies.

7.      All of the calls at issue in this case were made on behalf of, for the benefit of, and with the knowledge and approval of Marathon, as well as its corporate parents and affiliates.

**ANSWER:** Denies.

8.      Unfortunately for consumers, Marathon, in an attempt to secure new customers insurance products and services, engaged in an aggressive, wide-spread telemarketing campaign—often stepping outside the law in the process.

**ANSWER:** Denies.

9.      Two types of violations are at issue in this case. First, Defendant uses an automatic telephone dialing system ("ATDS") to make unsolicited telemarketing calls to cellphone numbers. Such calls are unlawful unless made with prior express consent—which Defendant never obtained.

**ANSWER:** Denies.

10.     Second, Defendant made repeated calls to numbers listed on the National Do Not Call Registry.

**ANSWER:** Denies.

11.     By making unauthorized telemarketing calls as alleged herein, Defendant has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, wear and tear caused to consumer telephones (e.g. consumption of battery life, minutes and data), lost ability to place outgoing calls and other interruption in use. Plaintiff and the other class members similarly suffered other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans.

**ANSWER:** Denies.

12.     Defendant made the calls knowing it trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware components.

**ANSWER:** Denies.

13.     Defendant knowingly made, and continues to make, repeated autodialed telemarketing calls to cellphone owners without the prior express consent of the recipients and to consumers whose numbers have been listed on the National Do Not Call Registry for at least 30 days. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, it also intentionally and repeatedly violated the TCPA.

**ANSWER:** Denies.

14.     The calls were made by or on Marathon's behalf and with its knowledge and approval. Marathon and its corporate parents and affiliates knew about the calls, received the benefits of the calls, directed that the calls be made, and/or ratified the making of the calls.

**ANSWER:** Denies.

15.     The TCPA was enacted to protect consumers from unsolicited telephone calls like those alleged in this case.

**ANSWER:** Admits the TCPA is a consumer protection law. Denies the remaining allegations.

16.     In response to Marathon's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Marathon to cease all unsolicited telephone calling activities to consumers as complained of herein and an award of statutory damages to the members of the Classes, together with pre and post-judgment interest plus costs and reasonable attorneys' fees.

**ANSWER:** Admits Plaintiff filed this lawsuit and seeks damages. Denies the remaining allegations.

## FACTS SPECIFIC TO PLAINTIFF GALLOWAY

17.     Plaintiff Galloway is the owner and customary user of a cellphone number ending in 2193.

**ANSWER:** Defendant has no idea what cell phone numbers Plaintiff owns and uses. Defendant is without knowledge or information sufficient to form a belief as to the allegations and thus denies them.

18.     At no time did Galloway provide his cellphone number to Defendant or provide Defendant, or any of Defendant's agents, parents, or affiliates with prior express consent to call him.

**ANSWER:** Admits Plaintiff did not provide his cell phone number or consent to Defendant, especially since Defendant does not sell anything to consumers. Denies to the extent stated or implied that for the calls at issue Plaintiff never gave somebody else consent to call him. Denies the remaining allegations.

19.     At all times relevant hereto, and for a period of at least thirty (30) days prior to the relevant period of time, Plaintiff's cellphone number was and remains registered on the DNC Registry.

**ANSWER:** Defendant has no idea when or if Plaintiff registered his cellphone number on the DNC Registry. Defendant is without knowledge or information sufficient to form a belief as to the allegations and thus denies them.

20.     Plaintiff received at least two unsolicited, autodialed calls from Defendant on October 29, 2018.

**ANSWER:** Denies.

21.     Plaintiff heard a pause and click on the calls, indicative of an automatic telephone dialing system or "ATDS." This equipment had the present capacity to generate and store random or sequential numbers and to dial them. The system functioned similarly to a predictive dialer and allowed Defendant to make calls *en masse* without human intervention.

**ANSWER:** Defendant has no idea what call or calls Plaintiff received nor any idea what Plaintiff heard or did not hear. Defendant does not dial consumers. Defendant is without knowledge or information sufficient to form a belief as to the allegations and thus denies them.

22.     All of the calls were made by agents or employees of Marathon at the direction and oversight of Marathon. Marathon knew about, directed, ratified, and benefitted from the calls.

**ANSWER:** Denies.

23.     Prior to receiving the above-referenced calls, Plaintiff had no relationship with Defendant, had never provided his telephone number directly to Defendant, and had never requested that Defendant place calls to him or to offer him any services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place telemarketing calls to its cellphone number and has no business relationship with Defendant.

**ANSWER:** Admits Plaintiff and Defendant have never had any business or other relationship and Plaintiff never gave Defendant consent or asked Defendant to call or offer services. Denies to the extent stated or implied that for the calls at issue Plaintiff never gave somebody else consent to call him. Denies the remaining allegations.

24.     Defendant Marathon was, and remains, aware that the above-described telemarketing calls were made to consumers like Plaintiff never provided prior express consent to receive them.

**ANSWER:** Denies.

25.     By making unsolicited calls as alleged herein, Defendant has caused Plaintiff and members of the classes actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement and receipt of such calls, wear and tear caused to

consumer telephones (e.g. consumption of battery life, minutes and data), lost ability to place outgoing calls and other interruption in use. Plaintiff and the other class members similarly suffered other diminished use, enjoyment, value, and utility of their cellphones and cellphone plans, including all hardware and software components.

**ANSWER:** Denies.

26.     To redress these injuries, Plaintiff, on behalf of himself and two Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited telemarketing calls to cellular telephones and repeated calls to numbers listed on the national Do Not Call registry. On behalf of the Classes, Plaintiff seek an injunction requiring Defendant to cease all unauthorized calling activities and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs and reasonable attorneys' fees.

**ANSWER:** Admits Plaintiff on behalf of himself and two purported classes filed an action under the TCPA and provides Plaintiff's understanding of certain prohibitions in the TCPA. Admits Plaintiff seeks damages, an injunction, and other relief. Denies Plaintiff and the putative classes have any legitimate claims against Defendant or that Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

### CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action in accordance with Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and two Classes defined as follows:

**Autodialed Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant caused to be called; (3) on the person's cellphone; (4) for the same purpose as Defendant called Plaintiff; (5) using the same equipment that was used to call the Plaintiff, and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

**DNC Class**: All persons in the United States (1) whose phone numbers had been listed on the National Do Not Call Registry for at least 30 days, (2) who were called by Defendant at least twice in any twelve-month period, (3) for the same purpose as Defendant placed calls to the Plaintiff; (4) after having obtained consent to call in the same manner as consent was obtained to call the Plaintiff.

**ANSWER:** Admits Plaintiff purports to bring a claim on behalf of himself and the defined classes above. Denies Plaintiff and the putative classes have any legitimate claims against Defendant or that Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

28.     The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following a period of appropriate discovery regarding the purpose of the calls, the type of equipment used, and the manner by which Defendant claims it obtained prior express consent to call.

**ANSWER:** Admits Plaintiff purports to exclude certain people listed above from its putative class definitions. Denies Plaintiff and the putative classes have any legitimate claims against Defendant or that Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

29.     **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but individual joinder is impracticable. On information and

belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the defined Classes. The number of members of the Classes and class membership can be identified through objective criteria, including Defendant's phone records.

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes.  Denies the remaining allegations.

30.      **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes in that Plaintiff and the members of the Classes sustained the same legal injuries and damages arising out of Defendant's uniform wrongful conduct. If Plaintiff has an entitlement to relief, so do the rest of the Class Members.

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes.  Denies the remaining allegations.

31.      **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions, including class actions under the TCPA. Neither Plaintiff nor its counsel has any interest in conflict with or antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

32.      **Commonality and Predominance:** There are questions of law and fact common to the claims of Plaintiff and the Classes, and those questions will drive the litigation and predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)      Whether Defendant's conduct violated the TCPA;

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

(b)     Whether the calls were made on behalf of Defendant and/or whether Defendant knew about, approved, or benefitted from the calls;

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

(c)     Whether Defendant had prior express consent to place the calls;

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

(d)     Whether the calls were made using an ATDS;

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

(e)     Whether Defendant made repeated calls to consumers whose numbers were registered on the National Do Not Call Registry; and

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

(f)     Whether Defendant's conduct was willful or knowing such that members of the Classes are entitled to treble damages.

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

33.     **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards

all members of the Classes so as to render certification of the Classes for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

34.    **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

**ANSWER:** Denies Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the Autodialed Class)**

35.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendant restates its answers as set forth above.

36.    Defendant made or caused to be made calls to Plaintiff's and the other Autodialed Class Members' cellphones.

**ANSWER:** Denies.

37.    These calls were made using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers and is an ATDS under the TCPA.

**ANSWER:** Denies.

38.    The calls were for telemarketing purposes, specifically to apprise Plaintiff and others of the availability of Marathon's insurance products and services.

**ANSWER:** Denies.

39.    Neither Plaintiff nor any other consumer ever provided prior express consent under the TCPA to be called by or on behalf of Marathon.

**ANSWER:** Denies.

40.    As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Autodialed Class suffered actual damages and, under section 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Autodialed Class are each entitled to receive up to $500 in damages for each violation of 47 C.F.R. § 64.1200.

**ANSWER:** Denies.

41.     Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Class.

**ANSWER:** Denies.

42.     Plaintiff and the Autodialed Class members are also entitled to incidental injunctive relief and corresponding declaratory relief as necessary to prevent their future receipt of Defendant's unlawful calls.

**ANSWER:** Denies.

**SECOND CAUSE OF ACTION**
**Violation of 47 C.F.R. § 64.1200(d)** *et seq.*
**(On behalf of Plaintiff and the DNC Class)**

43.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

**ANSWER:** Defendant restates its answers as set forth above.

44.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

**ANSWER:** Admits Plaintiff quotes text of the TCPA. Denies Plaintiff and the putative classes have any legitimate claims against Defendant or that Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

45.     47 C.F.R. § 64.1200(e), in turn, provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the FCC's July 3, 2003 Report and Order.

**ANSWER:** Admits Plaintiff quotes text of the C.F.R. Denies Plaintiff and the putative classes have any legitimate claims against Defendant or that Plaintiff has identified any certifiable class or classes.  Denies the remaining allegations.

46.    The July 3, 2003 Report and Order provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.[1]

**ANSWER:** Admits Plaintiff quotes text from the referenced report and provides a citation.  Denies Plaintiff and the putative classes have any legitimate claims against Defendant or that Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

47.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1)   Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

> (2)   Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

> (3)   Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

**ANSWER:** Admits Plaintiff quotes text from the C.F.R. Denies Plaintiff and the putative classes have any legitimate claims against Defendant or that Plaintiff has identified any certifiable class or classes. Denies the remaining allegations.

48.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, repeated telephone solicitations to telephone subscribers such as Plaintiff and the DNC Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government. These consumers requested to not receive calls from Defendants, as set forth in 47 C.F.R. § 64.1200(d)(3).

**ANSWER:** Denies.

49.      Defendant also violated 47 C.F.R. § 64.1200(d) by failing to have a written policy regarding do not call requests and by failing to inform or train its personnel regarding any do not call list.

**ANSWER:** Denies.

50.      Defendant made more than one unsolicited telephone call to Plaintiff and other members of the DNC Class within a 12-month period without their prior express consent to receive such calls. Plaintiff and other members of the DNC Class never provided any form of consent to receive telephone calls from Defendants.

**ANSWER:** Denies.

51.      Defendant does not have a current record of consent to place telemarketing calls to them.

**ANSWER:** Denies.

52.      Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the DNC Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them.

**ANSWER:** Denies.

53.      Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff and the members of the DNC Class received more than one telephone call (at least two) in a 12-month period made by or on behalf of Defendants in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendants' conduct as alleged herein, Plaintiff and the DNC Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

**ANSWER:** Denies.

54.    To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Plaintiff and the DNC Class.

**ANSWER:** Denies.

## GENERAL DENIAL

Defendant denies any allegation in the Complaint, express or implied, not specifically admitted in this Answer. Defendant denies any allegations in the Complaint's headers that suggest or allege liability. Defendant also denies that any of Plaintiff's claims or the class claims have merit and denies Plaintiff and any member of the putative class has suffered compensable injury or damages because of Defendant's conduct. Defendant additionally denies Plaintiff has identified any certifiable class or classes. Defendant further denies that Plaintiff and the putative classes are entitled to any of the relief sought pursuant to the Complaint's "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### First Affirmative Defense (improper defendant)

Plaintiff's claims are barred because he has not sued the alleged violator of the TCPA but an innocent third party. Claims of each putative class member are similarly barred.

### Second Affirmative Defense (standing)

Plaintiff's claims are barred because he lacks standing to sue Defendant. Plaintiff invited or otherwise consented to the identified, purported phone calls by independent third parties. By inviting or otherwise consenting to the calls, Plaintiff has not suffered the requisite injury or harm under the TCPA to bring a claim. Claims of each putative class member are similarly barred.

**<u>Third Affirmative Defense (consent, waiver, estoppel, authorization and/or acquiescence)</u>**

Plaintiff's claims are barred because upon information and belief he, not anyone else, initiated contact with a third party (not Defendant) and gave express consent for him to receive the purported calls. Thus, Plaintiff waived his right to file suit under the TCPA or is estopped from pursuing his claim. Further, Plaintiff acquiesced to and authorized the calls and cannot now seek relief in contravention of his conduct. Claims of each putative class member are similarly barred.

**<u>Fourth Affirmative Defense (failure to state a claim)</u>**

Plaintiff's claims are barred in whole or in part, or are subject to monetary reduction because he has failed to state a claim against Defendant for which relief can be granted. Claims of each putative class member are similarly barred or subject to reduction.

**<u>Fifth Affirmative Defense (third party responsibility)</u>**

Plaintiff's claims are barred in whole or in part, or are subject to monetary reduction because any injury sustained by Plaintiff or the putative classes, which injury Defendant denies, resulted from the acts or omissions of independent third parties for which Defendant is not responsible. Claims of each putative class member are similarly barred or subject to reduction.

**<u>Sixth Affirmative Defense (mitigation)</u>**

Plaintiff's claims are barred in whole or in part, or are subject to monetary reduction because of his failure to mitigate his damages or otherwise avoid damages, which damages Defendant denies.  Claims of each putative class member are similarly barred.

**<u>Seventh Affirmative Defense (absence of duty to Plaintiff)</u>**

Plaintiffs' claims are barred or are subject to monetary reduction because Defendant does not dial consumers and therefore has no duty to Plaintiff. To the extent Defendant has duties to

the public, it has complied with those duties fully, including as to any putative class member, and has acted in good faith. Claims of each putative class member are similarly barred or subject to reduction. In addition, Defendant was not insuring any policies in Pennsylvania at the time of the alleged violation.

### Eighth Affirmative Defense (venue)

Plaintiff's claims are barred because venue does not exist in this district. Claims of each putative class member are similarly barred.

### Ninth Affirmative Defense (U.S. Constitution 1st Amendment)

Plaintiff's claims are barred because the TCPA facially violates the First Amendment of the United States Constitution as applied. Claims of each putative class member are similarly barred.

### Tenth Affirmative Defense (U.S. Constitution 5th & 14th Amendment)

Plaintiff's claims are barred because the TCPA facially violates the Fifth and Fourteenth Amendments of the United States Constitution under the "void-for-vagueness" doctrine as applied. Claims of each putative class member are similarly barred.

### Eleventh Affirmative Defense (U.S. Constitution 14th Amendment)

To the extent liability is found, which liability Defendant wholly denies, damages flowing therefrom under the TCPA are limited pursuant to the "Due Process" clause of the United States Constitution. Claims of each putative class member are similarly limited.

### Twelfth Affirmative Defense (attribution of fault)

To the extent liability is found, which liability Defendant wholly denies, liability attributable to Defendant should be reduced by the percentage of fault attributable to others,

including any independent third parties for whose conduct Defendant is not responsible.  Claims of each putative class member similarly should be reduced.

### Thirteenth Affirmative Defense (absence of agency)

Plaintiff's claims are barred because there is no agency relationship between Defendant and third parties that telephoned Plaintiff. Claims of each putative class member are similarly barred.

### Fourteenth Affirmative Defense (individualized issues)

Each putative class cannot be certified because for each of the affirmative defenses stated, facts peculiar to each plaintiff's case means individual affirmative defenses may be asserted against one plaintiff but not against the entire putative class. Individualized issues and inquiry prevent certification of each of the putative classes.

### Fifteenth Affirmative Defense (Rule 23 does not support class certification)

Each putative class is not certifiable under Rule 23 of the Federal Rules of Civil Procedure.

Defendant reserves the right to assert any additional affirmative defenses, or to withdraw one or more of the defenses set forth above as appropriate after further investigation and discovery.

### JURY DEMAND

Defendant Marathon Financial Insurance Company, Inc., demands a trial by jury of all claims that can be so tried.

### PRAYER FOR RELIEF

Having answered (and otherwise responded to) the Complaint, Defendant respectfully requests that this Court:

A.      Dismiss Plaintiff's Complaint, including the class action allegations therein, with

prejudice, with Plaintiff and the putative classes taking nothing;

B.      Enter judgment in favor of Defendant and against Plaintiffs  for costs (including

but not limited to expert fees), attorneys' fees and expenses incurred by

Defendant in defending this frivolous action about which Plaintiff was made

aware prior to the filing; and

C.      Grant such other and further relief to Defendant as the Court deems just and

proper.


DATED: March 27, 2019                    Respectfully submitted,



                                         By:   *s/Jeffrey H. Kass*
                                               Jeffrey H. Kass
                                               LEWIS BRISBOIS BISGAARD & SMITH LLP
                                               100 South 4th Street, Suite 500
                                               St. Louis, MO 63102
                                               Tel.:   314.685.8346
                                               Fax:    314.685.8347
                                               Jeffrey.Kass@lewisbrisbois.com

                                               and

                                               LEWIS BRISBOIS BISGAARD & SMITH LLP
                                               1700 Lincoln Street, Suite 4000
                                               Denver, CO 80203
                                               Tel.:   303.861.7760
                                               Fax:    303.861.7767
                                               Jeffrey.Kass@lewisbrisbois.com

                                               *Attorneys for Defendant Marathon Financial
                                               Insurance Company, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this 27th day of March, 2019, the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** was filed with the Court using the CM/ECF System, which action caused automatic electronic notice of such filing to be served upon the following:

Joel S. Halvorsen
Halvorsen Klote
680 Craig Road, Suite 104
St. Louis, MO 63141
Tel.:   314.451.1314
Fax:   314.787.4323
joel@hklawstl.com

*Counsel for Plaintiff and the Putative Class*

Steven L. Woodrow
Patrick H. Peluso
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, CO 80210
Tel.:   720.213.0675
Fax:   303.927.0809
swoodrow@woodrowpeluso.com
ppeluso@woodrowpeluso.com

*Counsel for Plaintiff and the Putative Class*

                    *s/Jeffrey H. Kass*